UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TITUS T. WILDER,

                                    Plaintiff,

    v.                                                     9:15-CV-0067
                                                               (GLS/DEP)

DAVID E. HARDER,

                                  Defendant.

---

APPEARANCES:

TITUS T. WILDER
Plaintiff, pro se
Broome County Sheriff's Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047

GARY L. SHARPE
United States District Judge

## DECISION AND ORDER

### I.  INTRODUCTION

      The Clerk has sent to the Court for review a pro se civil rights complaint filed by plaintiff Titus T. Wilder pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").  Plaintiff, who has not paid the statutory filing fee, seeks leave to proceed in forma pauperis.[1]  Dkt. No. 12 ("IFP Application").

### II.  IFP Application

      "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal

---

[1] Plaintiff's original IFP application was incomplete.  Dkt. No. 2.  On January 21, 2015, the Court directed plaintiff to file a complete IFP application with an Inmate Authorization Form.  Dkt. No. 3.  On October 29, 2015, plaintiff complied with the Court's directives.  Dkt. Nos. 4, 12.

court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). Upon review of plaintiff's IFP Application, the Court finds that plaintiff has demonstrated sufficient economic need and filed the inmate authorization form required in the Northern District of New York. Plaintiff's IFP application, (Dkt. No. 12), is granted.

### III.   Initial Screening

Having found that plaintiff meets the financial criteria for commencing this action in forma pauperis, and because plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d

---

[2]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

<02>

Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the

defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## IV.     Summary of the Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).  The Court will construe the allegations in plaintiff's complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

Plaintiff is currently confined at the Broome County Sheriff's Correctional Facility ("Broome County Sheriff's C.F.") and brings this action against Sheriff David E. Harder ("Harder").[3] On November 21, 2014, plaintiff was arrested and charged with two counts of

---

[3] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).  Based upon the Court's review of plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") service, it does not appear that plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree.[4]  *See* Compl. at 2.  From November 21, 2014 until January 15, 2015 (the date that plaintiff signed the complaint), Harder unlawfully held plaintiff without obtaining an indictment.  *See id*.  Construed liberally, plaintiff claims that he was unlawfully confined in violation of his Fifth Amendment right to due process.  *See id.* at 3.  Plaintiff also alleges that he is "not being treated as equal to other American citizens."  *See id.*  Plaintiff further contends that his Eighth Amendment rights were violated because his bail is excessive.  *See* Compl. at 3.

## V.  ANALYSIS

It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'"  *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).  If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501.  In other words, supervisory officials may not be held liable merely because they held a position of authority.  *Black v. Coughlin*, 76 F.3d

---

[4] The complaint does not contain the name of the arresting officer.

72, 74 (2d Cir. 1996).  Rather, supervisory personnel may be considered "personally involved" only if they (1) directly participated in the alleged constitutional violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).

      Here, plaintiff has failed to plead any facts to plausibly suggest that Harder was personally involved in any policy or decision that impacted his constitutional rights.  Plaintiff summarily states that Harder held him without an indictment.  *See* Compl. at 2.  The decision to indict lies with the prosecutor, not Harder.  *See Wilson v. City of New York*, 480 F.App'x 592, (2d Cir. 2012).  The remaining allegations related to equal protection and excessive bail suffer from the same infirmities.  *See Dawkins v. Williams*, 413 F.Supp.2d 161, 171 (N.D.N.Y. 2006) (holding that the state police officers were not responsible for the bail decisions made in relation to plaintiff's detention); *see also De Jesus v. Sears Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir.1996) (holding that the plaintiffs failed to allege any facts to suggest how the defendant treated them any differently than similarly situated inmates); *Byng v. Delta Recovery Servs., LLC.*, No. 13-0733 (MAD/ATB), 2013 WL 3897485, at *15, n.5 (N.D.N.Y. July 29, 2013) (finding that Attica inmate alleged no facts in the complaint to indicate he was similarly situated to any one or that someone else was treated differently than he was).  As plaintiff is proceeding pro se, his pleadings must be treated with a certain

6

degree of liberality. Despite this, in the absence of factual allegations sufficient to plausibly suggest that Harder was personally involved in conduct that violated plaintiff's constitutional rights, the complaint fails to state a cognizable claim against Harder. Accordingly, plaintiff's claims against Harder are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

## VI.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's in forma pauperis application (Dkt. No. 12) is **GRANTED**[5]; and it is further

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that, pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, plaintiff's claims are **DISMISSED without prejudice** for failure to comply with the pleading standards and state a claim; and it is further

**ORDERED** that, if plaintiff wishes to proceed with this action, he must file a signed amended complaint that cures the pleading defects identified above in this Decision and Order; and it is further

---

[5] Plaintiff should note that, although the Court has granted his application to proceed in forma pauperis, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED** that, upon plaintiff's full compliance with this Decision and Order, the Clerk shall return the file to this Court further review; and it is further

**ORDERED** that, if plaintiff fails to fully comply with the terms of this Decision and Order **within thirty (30) days** from its filing date, the Clerk shall enter Judgment indicating that this action is **DISMISSED without prejudice, without further order of this Court**, pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

December 16, 2015
Albany, New York

Gary L. Sharpe
U.S. District Judge