UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TITUS T. WILDER,

                        Plaintiff,

    v.                                                     9:15-CV-0067
                                                             (GLS/DEP)

DAVID E. HARDER,

                        Defendant.
_____

APPEARANCES:

TITUS T. WILDER
Plaintiff, pro se
Broome County Sheriff's Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

       Pro se plaintiff Titus Wilder commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision (DOCCS). Dkt. No. 1 ("Compl."). In a Decision and Order filed December 16, 2015 ("December Order"), the Court granted plaintiff's IFP application and, following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, the Court determined that the complaint failed to state a claim upon which relief could be granted and, therefore, was subject to dismissal. Dkt. No. 13, *generally*. In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *See*

*id*. at 7-8.  Currently before the Court is plaintiff's amended complaint.  Dkt. No. 14 ("Am. Compl.").

## II. DISCUSSION

## A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the December Order and it will not be restated in this Decision and Order.  *See* December Order at 2-3.  The Court will construe the allegations in plaintiff's amended complaint with the utmost leniency.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers").

## B. Analysis

In the amended complaint, plaintiff does not allege any new facts, defendants or causes of action.  The pleading reiterates the facts and causes of action set forth in the original complaint related to plaintiff's confinement in the Broome County Jail from November 21, 2014 until February 2015.  In the December Order, the Court found that plaintiff had not pleaded facts to suggest that Harder was personally involved in any policy or decision that impacted plaintiff's constitutional rights.  *See* Dkt. No. 13 at 6.  In an attempt to cure the deficiencies in the prior pleading, plaintiff now alleges that defendant David Harder, the Broome County Sheriff, created a "policy or custom" and held plaintiff in jail for over forty-five days without determining whether the confinement was legal.  *See* Am. Compl. at 1.  Plaintiff contends that Harder violated plaintiff's civil rights because Harder failed to, "look[] into data

to determin[e] if [plaintiff] was being held by him legally." *See id*. at 2. In the December Order, the Court held:

> The decision to indict lies with the prosecutor, not Harder. *See Wilson v. City of New York*, 480 F. App'x 592, (2d Cir. 2012). The remaining allegations related to equal protection and excessive bail suffer from the same infirmities. *See Dawkins v. Williams*, 413 F. Supp. 2d 161, 171 (N.D.N.Y. 2006) (holding that the state police officers were not responsible for the bail decisions made in relation to plaintiff's detention); *see also De Jesus v. Sears Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (holding that the plaintiffs failed to allege any facts to suggest how the defendant treated them any differently than similarly situated inmates); *Byng v. Delta Recovery Servs., LLC*, No. 13-0733 (MAD/ATB), 2013 WL 3897485, at *15, n.5 (N.D.N.Y. July 29, 2013) (finding that Attica inmate alleged no facts in the complaint to indicate he was similarly situated to any one or that someone else was treated differently than he was).

Dkt. No. 13 Order at 6.

Despite the fact that plaintiff was afforded the opportunity to amend his complaint, the amended complaint does not cure the deficiencies in the original pleading. Without more, plaintiff's conclusory allegations do not establish that Harder was personally involved in any violation of plaintiff's constitutional rights. For the reasons set forth in the December Order, plaintiff's claims against Harder are dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failure to state a claim.

### III. Leave to Amend to Cure Deficiencies

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so

requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

In this instance, plaintiff has already been provided one opportunity to amend his complaint. The deficiencies with his original complaint, identified by the court in its decision, have not been cured with the amended complaint. Accordingly, the Court finds that any further amendment would be futile.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. The Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

January 27, 2016
Albany, New York

*/s/ Gary L. Sharpe*
Gary D. Sharpe
U.S. District Judge